[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5683
The plaintiff, Jacqueline Klies, appeals from a decision from the State of Connecticut Department of Social Services ("DSS") affirming the discontinuance of her general assistance (welfare) benefits from the City of Waterbury. The plaintiff brings this appeal pursuant to the Uniform Administrative Procedures Act ("UAPA") (General Statutes § 4-166 et seq., 4-183).
The finding of facts upon which the DSS decision is based are as follows:
 1. The appellant has been receiving General Assistance benefits from the City of Waterbury without interruption since July 1, 1995. (Testimony)
 2. The appellant's financial assistance from the City of Waterbury was discontinued effective May 1, 1996 because the City applied the durational limits to this case. (Exhibit 1 and Testimony)
 3. Health Pro found the appellant to be employable in August of 1995. (Exhibit 2 and Testimony)
 4. The City considers the appellant to be employable. (Exhibits 1, 2 and Testimony)
 5. The appellant suffers from Fibromyalgia, Myofascial Pain Syndrome and Bilateral lower extremity (distal) polyneuropathy. (Exhibit 2 and Testimony)
6. The appellant is 54 years old. (Testimony)
 7. The appellant has a Masters Degree in Special Education. (Testimony)
8. The appellant has worked as a minister from approximately 1985 to 1991. Prior to this position the appellant filled in as a Secretary/Receptionist for two to three years and CT Page 5684 prior to this worked as a Special Education Consultant with the State Department and the Town of Newton. (Testimony)
9. The appellant is currently not employed. (Testimony)
 10. The appellant has not been found disabled by a decision of the Social Security Administration. (Testimony)
 11. The appellant's impairment(s) does not significantly limit the ability to work.
 12. The appellant's impairment, is expected to last 6 continuous months.
 13. The appellant's impairment does not prevent past relevant work.
 14. The appellant is considered employable and subject to the General Assistance durational limits.
Subsequent to the filing of the appeal on December 12, 1996, the plaintiff's general assistance benefits retroactive to July 1, 1994 were reinstated (Appendix A to the defendant's brief dated June 12, 1997). On April 13, 1997, the Social Security Administration awarded the plaintiff Supplemental Security Income (SSI) benefits retroactive to July 25, 1991 (Appendix A). The City of Waterbury recouped from the supplemental security income award the amount the plaintiff had received in general assistance (Appendix A).
The plaintiff concedes that with the award of SSI benefits she is not entitled to the general assistance benefits for any relevant period. However, the plaintiff contends that the appeal is not moot since she is entitled to attorney's fees.
UAPA § 4-184a(b) provides: "In any appeal by an aggrieved person of an agency decision taken in accordance with § 4-183 and in any appeal of the final judgment of the Superior Court under said section taken in accordance with § 51-197b, the Court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the Court determines that the action of the agency was undertaken without any substantial justification. CT Page 5685
The plaintiff must thus establish that she was (1) the prevailing party[1] and (2) that the agency decision was made without any substantial justification.
The record reveals with respect to substantial justification for the denial of general assistance benefits the general assistance policy manual (Record at 184-185); the finding of the state's medical and vocational review agency (HealthPro); HealthPro finding that the plaintiff was employable and that she was capable of performing her past jobs (Record 5-6, 49-71); opinion of HealthPro medical review team that plaintiff did not meet the medical criteria for general assistance benefits (Record49-52, 54, 55, 60, 65, 68). The record (assuming even the inclusion of Appendix A to defendant's brief as part of the record) contains no indication of whether the City in reinstating the plaintiff's general assistance benefits subsequently and the action of the Social Security Administration were based on additional medical evidence. In the event that such subsequent actions were based on the same evidence, it would not detract from the substantial nature of the medical evidence and historical evidence of plaintiff's employment and qualifications, which were relied upon by the DSS.
"Substantial justification as it is used in § 4-184a(b) connotes reasonableness or a reasonable basis in law or fact."Burinskas v. Department of Social Services, 240 Conn. 141, 156. "The decision to award attorney's fees for unjustified agency action is within the discretion of the trial court . . . thus, §4-184a(b) provides that the court may, in its discretion, award reasonable fees to the prevailing party if the court determines that the action of the agency was undertaken `without any substantial justification.'" (Citations omitted) Burinskas v.Department of Social Services, supra, 240 Conn. 154 (1997). The phrase "without substantial justification" is construed "to mean entirely unreasonable or without any reasonable basis in law or fact." Burinskas v. Department of Social Services,244 Conn. at 401. See also Association of Not-For Profit Provides for theAging v. Department of Social Services, 244 Conn. 378, 401
(1998). "This demanding standard furthers the legislature's intent by striking a balance between compensating aggrieved litigants for unjustified agency action, and ensuring that not all agency actions that are subject to judicial review for legal err result in an award of attorney's fees. Burinskas v.Department of Social Services, Id. at 154. CT Page 5686
At the outset, the court notes the "standard of review for all of the plaintiff's claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny. . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services,49 Conn. App. 432, 436 (1998).
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probate, and substantial evidence on the whole record. . . . This limited standard of review dictates that, with regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks CT Page 5687 omitted.) New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 117-18 (1998).
Applying the principles of the substantial evidence rule to the evidence before the DSS hearing officer, the court concludes that the agency's decision met the substantial evidence rule standard. There is no evidence before the court as to why on a subsequent review the City of Waterbury awarded such benefits to the plaintiff; or why the Social Security Administration subsequently awarded SSI benefits. It may very well have been based on other evidence than was presented to the DSS. The decision of the agency is affirmed and the appeal is dismissed.
Robert F. McWeeny, J